```
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LAWRENCE N. SQUITTIERI,              )
                                     )
            Plaintiff,               )      9:04CV1264
                                     )
      v.                             )
                                     )
ALLEN MARK DRESHER, Dental           )         ORDER
Director, Bare Hill Correctional     )
Facility; ROBERT F. McARDLE, Dental  )
Director/DOCS; D. PERYER, Dental     )
Assistant, Bare Hill Correctional    )
Facility; P.J. KUHLMAN, Regional     )
Dental Director,                     )
                                     )
            Defendants.              )
_____)
```

This matter is before the Court on the defendants' motion in limine (Filing No. 61) seeking to preclude plaintiff from offering evidence concerning defendant Allen Dresher's ("Dresher") disciplinary action by the New York State Education Department Office of Professional Discipline State Board of Dentistry (the "State Board") in 1991, and plaintiff's memorandum in opposition to defendants' motion (Filing No. 62).  Defendants state the State Board disciplined Dresher in 1991 for "improperly prescribing medications to himself during the period of October 1985 through September 1985 for self-use" (Memorandum of Law Supporting Motion in Limine, Filing No. 61-1, at 2).  Defendants argue any information pertaining to the State Board's disciplinary action against Dresher is inadmissible under Fed. R. Evid. 402, 403, and 404(b).

Fed. R. Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Rule 402, irrelevant evidence is generally inadmissible. *United States v. Shvartsman*, 317 F. App'x 68, 70 (2d Cir. 2009); *see also Harris v. Bowden*, 349 F. App'x 601, 603 (2d Cir. 2009) ("The district court did not abuse its discretion by excluding irrelevant evidence . . . ."). In this case, plaintiff has made several allegations arising from the dental care he received while in the custody of the New York State Department of Correctional Services between 2003 and 2005. The Court cannot surmise how a then twelve-year old disciplinary action the State Board instigated against Dresher is relevant to plaintiff's claims. Further, even if Dresher's disciplinary action was somehow relevant, the Court would rule evidence pertaining to the disciplinary action inadmissible because its probative value would be substantially outweighed by the danger of confusion of the issues. Fed. R. Evid. 403. Accordingly,

IT IS ORDERED that defendants' motion in limine (Filing No. 61) is granted.

DATED this 20th day of August, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court